IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | |
| Plaintiff, | CASE NO. 3:19-cv-00356-MHL |
| v. | PATENT CASE |
| MHELPDESK, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**MHELPDESK, INC.'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant mHelpDesk, Inc. ("mHelpDesk" or "Defendant") files this Answer,

Affirmative Defenses, and Counterclaims to Plaintiff Rothschild Digital Confirmation, LLC's

("Plaintiff" or "RDC") Complaint for Patent Infringement ("Complaint"). mHelpDesk denies the

allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the

following paragraphs.[1]

**NATURE OF THE ACTION**

1.      mHelpDesk admits that the Complaint purports to set forth an action for alleged

infringement of U.S. Patent No. 7,456,872 (the "'872 Patent"), under the Patent Laws of the

United States, Title 35 of the United States Code, 35 U.S.C. §§ 271 and 281. mHelpDesk denies

it has committed or is committing acts of infringement and denies Plaintiff is entitled to any

relief. mHelpDesk denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] For avoidance of doubt, mHelpDesk denies liability for all allegations of patent infringement
included or implied in the introductory paragraph or in any headings of the Complaint.

1

## PARTIES

2.       mHelpDesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.       mHelpDesk admits that it is a Delaware corporation, and that it has a principal place of business and its headquarters at 3040 Williams Drive, Suite 550, Fairfax, Virginia 22031. mHelpDesk denies any remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.       mHelpDesk admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but mHelpDesk denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. mHelpDesk denies any remaining allegations in Paragraph 4 of the Complaint.

5.       mHelpDesk admits that its headquarters is within this District and that it conducts business in this District. mHelpDesk denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.       mHelpDesk admits that it conducts business in the Commonwealth of Virginia. mHelpDesk denies it has committed or is committing acts of infringement within the Commonwealth of Virginia or in this District and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

7.    mHelpDesk denies it has committed or is committing acts of infringement within the Commonwealth of Virginia or in this District and, on that basis, denies the allegations of Paragraph 7 of the Complaint.

8.    mHelpDesk denies it has committed or is committing acts of infringement within the Commonwealth of Virginia or in this District and, on that basis, denies the allegations of Paragraph 8 of the Complaint.

9.    mHelpDesk denies it has committed or is committing acts of infringement within the Commonwealth of Virginia or in this District and, on that basis, denies the allegations of Paragraph 9 of the Complaint.

10.    mHelpDesk admits it is a company that has a regular and established presence in this District, but it denies the remaining allegations of Paragraph 10 of the Complaint.

11.    mHelpDesk admits the allegations of Paragraph 11 of the Complaint.

12.    mHelpDesk admits the allegations of Paragraph 12 of the Complaint.

13.    mHelpDesk admits the allegations of Paragraph 13 of the Complaint.

14.    mHelpDesk admits the allegations of Paragraph 14 of the Complaint.

15.    mHelpDesk admits the allegations of Paragraph 15 of the Complaint.

16.    mHelpDesk admits the allegations of Paragraph 16 of the Complaint.

17.    mHelpDesk does not contest whether venue is proper in this District pursuant to 28 U.S.C. § 1400(b) but denies it has committed or is committing acts of infringement within this District and, on that basis, denies the allegations of Paragraph 17 of the Complaint.

## BACKGROUND

18.    mHelpDesk admits that the purported copy of the '872 Patent is attached to the Complaint as Exhibit 1 indicates that it issued on November 25, 2008, and is entitled "Device

and method for embedding and retrieving information in digital images." mHelpDesk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     mHelpDesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

## THE '872 PATENT

20.     mHelpDesk admits that the claims of the '872 Patent speak for themselves, but denies all allegations in Paragraph 20 of the Complaint.

21.     mHelpDesk admits that the claims of the '872 Patent speaks for itself, but denies any characterizations inconsistent therewith. mHelpDesk denies any remaining allegations in Paragraph 21 of the Complaint.

22.     mHelpDesk denies all allegations in Paragraph 22 of the Complaint.

23.     mHelpDesk admits that the claims of the '872 Patent speak for itself, but denies all allegations in Paragraph 23 of the Complaint.

24.     mHelpDesk admits that the claims of the '872 Patent speaks for itself, but denies any characterizations inconsistent therewith. mHelpDesk denies any remaining allegations in Paragraph 24 of the Complaint.

## [ALLEGED] INFRINGEMENT BY MHELPDESK AND ITS CUSTOMERS

25.     mHelpDesk denies all allegations in Paragraph 25 of the Complaint.

26.     mHelpDesk denies all allegations in Paragraph 26 of the Complaint.

27.     mHelpDesk denies all allegations in Paragraph 27 of the Complaint.

28.     mHelpDesk denies all allegations in Paragraph 28 of the Complaint.

4

29. mHelpDesk denies all allegations in Paragraph 29 of the Complaint.

30. mHelpDesk denies all allegations in Paragraph 30 of the Complaint.

31. mHelpDesk denies all allegations in Paragraph 31 of the Complaint.

32. mHelpDesk denies all allegations in Paragraph 32 of the Complaint.

33. mHelpDesk denies all allegations in Paragraph 33 of the Complaint.

34. mHelpDesk denies all allegations in Paragraph 34 of the Complaint.

35. mHelpDesk denies all allegations in Paragraph 35 of the Complaint.

36. mHelpDesk denies all allegations in Paragraph 36 of the Complaint.

37. mHelpDesk denies all allegations in Paragraph 37 of the Complaint.

38. mHelpDesk denies all allegations in Paragraph 38 of the Complaint.

39. mHelpDesk denies all allegations in Paragraph 39 of the Complaint.

40. mHelpDesk denies all allegations in Paragraph 40 of the Complaint.

41. mHelpDesk denies all allegations in Paragraph 41 of the Complaint.

42. mHelpDesk denies all allegations in Paragraph 42 of the Complaint.

43. mHelpDesk denies all allegations in Paragraph 43 of the Complaint.

44. mHelpDesk denies all allegations in Paragraph 44 of the Complaint.

45. mHelpDesk denies all allegations in Paragraph 45 of the Complaint.

46. mHelpDesk denies all allegations in Paragraph 46 of the Complaint.

47. mHelpDesk denies all allegations in Paragraph 47 of the Complaint.

48. mHelpDesk denies all allegations in Paragraph 48 of the Complaint.

## COUNT I
## ([ALLEGED] DIRECT INFRINGEMENT OF THE '872 PATENT BY MHELPDESK)

49. mHelpDesk incorporates by reference each of its responses set forth in Paragraphs 1-48 above as if fully set forth herein.

50.    mHelpDesk denies all allegations in Paragraph 50 of the Complaint.

51.    mHelpDesk denies all allegations in Paragraph 51 of the Complaint.

52.    mHelpDesk denies all allegations in Paragraph 52 of the Complaint.

53.    mHelpDesk denies all allegations in Paragraph 53 of the Complaint.

54.    mHelpDesk denies all allegations in Paragraph 54 of the Complaint.

55.    mHelpDesk denies all allegations in Paragraph 55 of the Complaint.

56.    mHelpDesk denies all allegations in Paragraph 56 of the Complaint.

## COUNT II
## ([ALLEGED] INDIRECT INFRINGEMENT OF THE '872 PATENT BY MHELPDESK)

57.    mHelpDesk incorporates by reference each of its responses set forth in Paragraphs 1-56 above as if fully set forth herein.

58.    mHelpDesk denies the allegations in Paragraph 58 of the Complaint.

59.    mHelpDesk denies the allegations in Paragraph 59 of the Complaint.

60.    mHelpDesk denies the allegations in Paragraph 60 of the Complaint.

61.    mHelpDesk denies the allegations in Paragraph 61 of the Complaint.

62.    mHelpDesk denies the allegations in Paragraph 62 of the Complaint.

63.    mHelpDesk denies the allegations in Paragraph 63 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

mHelpDesk is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] REQUEST FOR RELIEF

mHelpDesk denies the Plaintiff is entitled to any relief from mHelpDesk and denies all the allegations contained in Paragraphs 1-7 of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

mHelpDesk's Affirmative Defenses are listed below. mHelpDesk reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

mHelpDesk has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '872 Patent (the "Asserted Patent").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against mHelpDesk is barred by the doctrine of inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that mHelpDesk's actions allegedly infringe the Asserted Patent, mHelpDesk is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that mHelpDesk indirectly infringes, either by contributory infringement or inducement of infringement, mHelpDesk is not liable to Plaintiff for the acts alleged to have been performed before mHelpDesk knew that its actions would cause indirect infringement.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against mHelpDesk is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by mHelpDesk.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that mHelpDesk makes, uses, or sells each claimed element of any asserted claim, or that mHelpDesk directs or controls another entity to make, use, or sell any element that is not made, used, or sold by mHelpDesk.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patent do not claim patentable subject matter under 35 U.S.C. § 101.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed by mHelpDesk: (1) verifies the identity of a user; (2) receives assignment information for the user; (3) captures an image relating to assignment information of a user; (4) creates a digital image file; (5) determines an identity of the user at a time of the image capture; (6) determines a location of the device upon image capture; (7) determines a date and time of the image capture; (8) associates the assignment information, the user identity, location information and the date and time to the digital image file; or (9) encrypts the associated information and digital image file upon image capture as required by the Asserted Patent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of mHelpDesk, either literally or by application of the doctrine of equivalents.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Should mHelpDesk be found to infringe any valid, enforceable claim of the Asserted Patent, Plaintiff is precluded from recovering increased damages under 35 U.S.C. § 284 and such alleged infringement was not willful.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that mHelpDesk indirectly infringes, either by contributory infringement or inducement of infringement, mHelpDesk is not liable to Plaintiff for the acts alleged to have been performed before mHelpDesk knew that its actions would cause indirect infringement.

## MHELPDESK'S COUNTERCLAIMS

For its counterclaims against Plaintiff Rothschild Digital Confirmation, LLC ("RDC"), Counterclaim Plaintiff mHelpDesk, Inc. ("mHelpDesk") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff mHelpDesk is a corporation organized and existing under the laws of the State of Delaware, and that it has a place of business at 3040 Williams Drive, Suite 550, Fairfax, Virginia 22031.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Rothschild Digital Confirmation, LLC, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093-5189.

## JURISDICTION

3.      mHelpDesk incorporates by reference Paragraphs 1–2 above.

10

4.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.     RDC has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.     Based solely on RDC's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**DECLARATION REGARDING NON-INFRINGEMENT**

7.     mHelpDesk incorporates by reference Paragraphs 1–6 above.

8.     Based on RDC's filing of this action and at least mHelpDesk's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether mHelpDesk infringes U.S. Patent No. 7,456,872 (the "'872 Patent") (the "Asserted Patent").

9.     mHelpDesk does not infringe Claims 1 and 27 of the'872 Patent because, among other things, the Accused Product does not (1) verify the identity of a user; (2) receive assignment information for the user; (3) capture an image relating to assignment information of a user; (4) create a digital image file; (5) determine an identity of the user at a time of the image capture; (6) determine a location of the device upon image capture; (7) determine a date and time of the image capture; (8) associate the assignment information, the user identity, location information and the date and time to the digital image file; or (9) encrypt the associated information and digital image file upon image capture as required by the Asserted Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, mHelpDesk requests a declaration by the Court that mHelpDesk has not infringed and does not

infringe any claim of the Asserted Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.    mHelpDesk incorporates by reference Paragraphs 1–10 above.

12.    Based on RDC's filing of this action and at least mHelpDesk's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13.    The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, inter alia, U.S. Patent Nos. 9578186B2, 7149503B2, 7146179B2, and/or 7918396B2.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, mHelpDesk requests a declaration by the Court claims of the Asserted Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, mHelpDesk asks this Court to enter judgment in mHelpDesk's favor and against RDC by granting the following relief:

a)    a declaration that the Asserted Patent is invalid;

b)    a declaration that mHelpDesk does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

c)    a declaration that the Asserted Patent is unenforceable;

d)    a declaration the RDC take nothing by its Complaint;

12

e)      judgment against RDC and in favor of mHelpDesk;

f)      dismissal of the Complaint with prejudice;

g)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an

award to mHelpDesk of its costs and attorneys' fees incurred in this action; and

h)      further relief as the Court may deem just and proper.

## JURY DEMAND

mHelpDesk hereby demands trial by jury on all issues.

13

Dated: June 11, 2019

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: /s/ Ahmed J. Davis

Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
Daniel Gopenko (Va. Bar No. 83932)
gopenko@fr.com
1000 Maine Ave SW, Suite 1000
Washington, D.C. 20024
(202) 783-5070 – Telephone
(202) 783-2331 – Facsimile

Neil J. McNabnay (*pro hac vice* to be filed)
njm@fr.com
Ricardo J. Bonilla  (*pro hac vice* to be filed)
rbonilla@fr.com
Rodeen Talebi (*pro hac vice* to be filed)
talebi@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 – Telephone
(214) 747-2091 – Facsimile

**COUNSEL FOR DEFENDANT**
**MHELPDESK, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2019, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of recording including:

Steven War (VSB #45048)
McNeely, Hare & War LLP
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
steve@miplaw.com

/s/ Ahmed J. Davis

Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
1000 Maine Ave SW, Suite 1000
Washington, D.C. 20024
(202) 783-5070 – Telephone

14